UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC FORAKER, an individual, | Case No.: 2:11-cv-00646-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#8;<br>Motion to Dismiss–#12 |
| BENJAMIN LEE REEVES, an individual; HARMON TRANSPORT, INC., a Missouri corporation; TRAILER CORPORATION, a Missouri corporation; DOES I through X, and ROES I through X, inclusive, | Motion to Dismiss–#20) |
| Defendants. | |

Before the Court are Defendants Trailer Corporation, Harmon Transport, Inc., and Benjamin Reeves' three separate **Motions to Dismiss** (#8, 12, 20, filed June 20, June 28, and Aug. 16, 2011 respectively) based on a lack of personal jurisdiction and improper venue. The Court has also considered the relevant Oppositions and Replies.

### BACKGROUND

This dispute arises out of a traffic accident that occurred in Oklahoma on June 29, 2009. Plaintiff and Defendant Reeves were traveling eastbound on United States Interstate 44 ("I-44") in separate vehicles. Reeves was driving a commercial vehicle owned by Trailer or

AO 72
(Rev. 8/82)

1  Harmon Transport (the complaint is unclear).  Reeves then rear-ended Plaintiff causing him
2  substantial damage.  Plaintiff asserts the following claims against Defendants: (1) negligence; (2)
3  negligence per se; (3) negligent hiring, training, retention and supervision; (4) negligent
4  entrustment; and (5) vicarious liability.  Now before the Court are Defendants' separate motions to
5  dismiss for lack of personal jurisdiction.  Alternatively, Defendants request that the Court dismiss
6  the case under the doctrine of *forum non conveniens* or transfer the case.  For the reasons discussed
7  below, the Court grants the motions, but transfers rather than dismisses this case.

**DISCUSSION**

**I.     Legal Standard**

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "lack of jurisdiction over the person." "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  A court evaluating such a motion may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  Where a court proceeds on the basis of affidavits and without discovery and an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss," that is, demonstrate facts that, if true, would support jurisdiction over the defendant. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Fred Martin Motor Co.*, 374 F.3d at 800.

The Ninth Circuit has established a two-step test to determine the propriety of asserting personal jurisdiction over an out-of-state defendant.  The plaintiff must first demonstrate that personal jurisdiction is: (1) permitted under the applicable state's long-arm statute; and (2) that the exercise of jurisdiction does not violate federal due process. *Pebble Beach Co. v. Caddy*,

1   453 F.3d 1151, 1154 (9th Cir. 2006). Because Nevada's long-arm statute reaches to the full limits
2   of due process, this Court need only decide whether the exercise of personal jurisdiction will
3   comport with the constitutional requirements of due process. *Hoag v. Sweetwater Int'l*, 857
4   F.Supp. 1420, 1424 (D. Nev. 1994). Additionally, the Court must analyze whether personal
5   jurisdiction exists over each defendant separately. *Harris Rutsky*, 328 F.3d at 1130 (9th Cir.
6   2003).
7         Under the U.S. Constitution, an out-of-state defendant must have "minimum
8   contacts" with the forum state so that the exercise of jurisdiction does not offend "traditional
9   notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316
10  (1945). The minimum contacts analysis requires a court to determine whether the nonresident
11  defendant "has purposefully avail[ed] itself of the privilege of conducting activities within the
12  forum state, thus invoking the benefits and protection of its laws." *Burger King Corp. v.*
13  *Rudzewicz*, 471 U.S. 462, 475 (1985) (citation omitted).

14  **II.   Analysis**

15        There are two types of personal jurisdiction that a court may have over a non-
16  resident defendant: general jurisdiction and specific jurisdiction. *Helicopteros Nacionales de*
17  *Columbia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984); *see also Reebok Int'l Ltd. v. McLaughlin*, 49
18  F.3d 1387, 1389 (9th Cir. 1995).

19      **A.   General Jurisdiction**

20        A court may exercise general jurisdiction over a nonresident defendant only if the
21  defendant's purposeful contacts with the forum state are "continuous and systematic."
22  *Helicopteros*, 466 U.S. at 414–16. In such a case, it is not necessary that the specific cause of
23  action alleged be connected with the defendant's business relationship to the forum because
24  "[g]eneral jurisdiction provides for jurisdiction without consideration of the claim asserted, if a
25  defendant's activities in the forum state can fairly be characterized as 'continuous and
26  /

systematic.'" *Graziose v. American Home Products Corp.*, 161 F.Supp.2d 1149, 1152 (D. Nev. 2001) (citing *Helicopteros*, 466 U.S. at 414).

Here Plaintiff does not argue that the Court may assert general jurisdiction over the Defendants (though counsel appear to conflate specific and general jurisdiction to some degree). Thus, the Court will not analyze whether it has general jurisdiction but merely states that the Court finds that the Court lacks general jurisdiction over Defendants and Plaintiffs waive the argument regardless. Now, the Court turns to the parties actual arguments and an analysis of specific jurisdiction.

### B.  Specific Jurisdiction

The Ninth Circuit analyzes specific jurisdiction using a three-prong test to determine whether a forum has specific jurisdiction over a particular defendant. *Schwarzenegger*, 374 F.3d at 802. The three prongs are:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Id*. For specific jurisdiction over a defendant, a plaintiff must establish the first two prongs, and if he does, the burden shifts to the defendant to show that the third prong is not met. *Schwarzenegger*, 374 F.3d at 802. Here, Plaintiff presents only the barest evidence of some of the Defendants' contact with Nevada and completely fails to show that the claim arises out of Defendants' forum related activities.

The only evidence that Plaintiff presents that Defendants purposefully direct activities at Nevada are website printouts that state: (1) "Trailiner is a truckload carrier operating in the 48 states" and makes "runs west to CA, AZ, coast to coast" (Dkt. #14, Opp. Ex. 2); and (2) that Harmon Transport leases trucks to a company that "hauls freight to the Southwest, Northwest,

1  Southeast, and central parts of the United States." This evidence is more suited to a general
2  jurisdiction argument which Plaintiff does not make, however, the Court will presume for the
3  purposes of this order that it is sufficient to meet the first prong of the test as to Trailiner and
4  Harmon transport[1], though not as to Reeves[2]. Plaintiff then fails on the second prong as his claims
5  do not arise out of the Defendants' forum related activities. The claim arises out of the
6  Defendants' activities in Oklahoma because Plaintiff and Reeves were driving in Oklahoma when
7  the accident occurred. Plaintiffs' argument that since Defendants are in the business of driving,
8  any incident involving driving is forum related activity everywhere is not persuasive. As Plaintiff
9  fails on the second prong, the Court need not address the third prong (or address the first with any
10 level of scrutiny).

###     C.     Dismissal or Transfer

The Court determines that transfer of this case to Oklahoma would better serve the interests of justice than dismissal. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *see also Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (discussing procedure for determining the choice of law for cases that have been transferred due to a lack of personal jurisdiction in the transferring court). If the Court were to dismiss the case, Plaintiff would likely be barred by Oklahoma's two year statute of limitations. As Oklahoma is where the accident occurred, it is likely the best place for this case to proceed. If Plaintiff disagrees, he may of course voluntarily dismiss and file suit in another appropriate forum. Accordingly, the Court transfers this case to the Northern District of Oklahoma, the district in which the accident at issue took place, under 28 U.S.C. §§ 1404(a) and 1406(a).

---

[1] The Court makes this presumption solely for the sake of this order as Plaintiff's argument fails on the second prong. If the Court were to fully analyze the first prong, Plaintiff would likely fail there as well, at least as to Harmon Transport if not also as to Trailiner.

[2] Plaintiff presents no evidence that this Court has personal jurisdiction over Reeves other than claiming that since Trailiner probably has driven through Nevada, Reeves may have also. This is in not competent evidence.

**D.    Forum Non Conveniens**

As the Court has determined that it lacks jurisdiction and will transfer this case, the Court need not address the doctrine of *forum non conveniens*.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (##8, 12, 20) are GRANTED in part and DENIED in part. The Motions are granted in so far as the Court will transfer the case. The Court directs the Clerk of the Court to transfer this case to the Northern District of Oklahoma.

Dated: December 5, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**